# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTOPHER KIBODEAUX,

       Plaintiff,

v.                                                    Case No:   6:22-cv-662-RBD-LHP

DIANNA MORGAN, DAVID
STRONG, RYAN ZIKA and
MICHAEL D. LUGO,

       Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:   AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 20)**
>
> **FILED:      July 19, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

Plaintiff filed a second amended motion.   *See* Doc. No. 21.

| MOTION: | SECOND AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 21). |
|---|---|
| FILED: | July 21, 2022 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

| MOTION: | DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (Doc. No. 24). |
|---|---|
| FILED: | August 1, 2022 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

## I.     INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

*Pro se* Plaintiff Christopher Kibodeaux underwent revision spinal surgery at the Downtown Orlando location of Orlando Health, which was successful.   Doc. No. 1, at 4.   A few months later, Plaintiff was involved in a car accident that apparently caused him some physical issues, but his spinal surgeon and Orlando Health allegedly refused to listen to Plaintiff's concerns or needs and instead discharged him as a patient.   *Id.*   Plaintiff took issue with his treatment, filed internal complaints with Orlando Health, filed a police report, and protested

outside Orlando Health.   *Id.*   Orlando Health ultimately banned Plaintiff from all of its locations, accusing him of, among other things, "looting."   *Id.*, at 4, 6.[1]

On November 22, 2021, Plaintiff filed a *pro se* lawsuit under 42 U.S.C. § 1983 against Orlando Health, alleging that Orlando Health violated his right to peacefully protest when it called the Orlando Police Department, claimed Plaintiff was "looting," and issued a "no trespass" order.   *Christopher Kibodeaux v. Orlando Health*, Case No. 6:21-cv-1969-RBD-DCI ("*Orlando Health I*") (Doc. 1).   Plaintiff filed a motion for leave to proceed *in forma pauperis*, *id.*, Doc. No. 2, which the Court denied without prejudice, and the Court dismissed the complaint for failure to state a claim and failure to comply with basic pleading requirements, but afforded Plaintiff leave to file an amended complaint.   *Id.*, Doc. No. 10; *see also id.*, Doc. No. 4.

On December 30, 2021, Plaintiff filed his amended complaint, along with a renewed motion to proceed *in forma pauperis*.   *Orlando Health I*, Doc. Nos. 15-16. The amended complaint no longer sought relief against Orlando Health, but instead listed four individuals as Defendants:   Ryan Zika (Orlando Health's General Counsel), David Strong (Orlando Health's CEO), Joshua Montemayor (Orlando Health's Corporate Risk Manager), and Attorney Michael D. Lugo (outside counsel

---

[1] Plaintiff does not provide any dates or time period for the events in question. Doc. No. 1.

for Orlando Health).  *Id.*, Doc. No. 15.   The amended complaint was based on the same operative facts described above, and attempted to allege claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 1961, et seq. (the "RICO Act").  *Id.* Before the Court ruled on the renewed motion to proceed *in forma pauperis*, Plaintiff moved to voluntarily dismiss his case without prejudice, which the Court granted on February 23, 2022.  *Id.*, Doc. Nos. 32, 34.

But Plaintiff was not done.   On April 5, 2022, he initiated the present case with the filing of a *pro se* Complaint.   Doc. No. 1.   The Complaint is nearly identical to the amended complaint filed in *Orlando Health I* – Plaintiff again lists Strong, Zika, and Lugo as Defendants, identifies the same factual allegations, and lists 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 1961 as the basis for his claims. *Id.*   The only differences are that Plaintiff has substituted a new Defendant – Dianna Morgan (Orlando Health Board Chair) – for Montemayor, and has utilized a civil complaint form for civil negligence which also identifies 28 U.S.C. § 1332 as the basis for this Court's jurisdiction.   *Id.*

With the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*.   Doc. No. 2; *see also* Doc. No. 13.   The undersigned denied that motion without prejudice because Plaintiff did not provide sufficient information.   Doc. No. 19.   Plaintiff subsequently filed a renewed motion on July 19, 2022, and an amended renewed motion on July 21, 2022.   Doc. Nos. 20-21.   And Defendants

Morgan, Strong, Zika and Lugo (collectively "Defendants"), who have now appeared in this case, have moved to dismiss Plaintiff's complaint with prejudice, to which Plaintiff has filed a response in opposition.   Doc. Nos. 24, 25.[2]   All three motions have been referred to the undersigned, and are ripe for review.

For the reasons discussed herein, the undersigned will recommend that the first renewed motion to proceed *in forma pauperis* be denied as moot, that the second renewed motion be denied without prejudice, that Defendants' motion to dismiss be denied as moot, and that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) with leave to amend.

## II.   STANDARD OF REVIEW

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).   Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary

---

[2] Defendant's initial motion to dismiss was denied without prejudice for failure to comply with Local Rule 3.01(g).   Doc. No. 23.

relief against a defendant who is immune from such relief.   *Id*. § 1915(e)(2)(B)(i)–(iii).[3]   A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[4]   "[I]t is incumbent upon federal courts trial and appellate to constantly examine the

---

[3] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

basis of jurisdiction, doing so on our own motion if necessary."   *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[5]

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."   *GJR Invs. V. Cty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."   *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS

Upon review of Plaintiff's second amended motion to proceed *in forma pauperis* (Doc. No. 21), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).   However, Plaintiff's complaint (Doc. No. 1), as currently pleaded, does not state a claim upon which relief may be granted.

As discussed above, Plaintiff purports to assert claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 1961.   Doc. No. 1.   "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).    The Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citing *Williams v. Bennett*, 689 F.2d 1370, 1380, 1381 (11th Cir. 1982)).    "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

While Plaintiff generally references violations of his First Amendment rights, he has not sufficiently alleged that any such deprivation occurred under color of state law.    State action requires (1) an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible," and (2) that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).    State action may also be established where the allegations show that the defendant is a private actor who conspired with a state actor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).    Private parties may be considered state actors

acting under color of state law only if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotations omitted).

On this issue, Plaintiff merely alleges that "Orlando health being a Non for Profit is under federal rules and regulation." Doc. No. 1, at 6. But Orlando Health is not a party to the present case, and Plaintiff makes no allegations whatsoever of state action as to any of the named Defendants in this case. Accordingly, the § 1983 claim cannot survive. *See Luzier v. Bull*, No. 6:06-cv-444-Orl-19JGG, 2006 WL 1000322, at *1 (M.D. Fla. Apr. 13, 2006) ("Since Defendant was not a state actor, Plaintiff has not satisfied the first element of the § 1983 analysis, and this case must be dismissed for failure to state a claim."). Moreover, both the Supreme Court and the Eleventh Circuit have long recognized that "[s]tate action is not established merely because a private entity receives government funding or is subject to extensive government regulation." *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir.

2010) (citing *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 543 (1987); *Blum v. Yaretsky*, 457 U.S. 991, 1003-11 (1982)).

Even if Plaintiff's complaint could be liberally construed to include an allegation that Defendants are state actors, the nature of Plaintiff's claims is not entirely clear.  He confusingly mentions conspiracy to deprive him of his rights, discusses his "protesting," lists the Aid to Families with Dependent Children program and the Administrative Procedures Act, and then includes vague allegations of "negligence," and "criminal behavior."  Doc. No. 1, at 5-9.  Plaintiff then appears to allege that "Orlando Health and the Attorney" called OPD and stated that Plaintiff was "looting."  *Id.*, at 6-7.  Again, there are no allegations directly tied to any specific Defendant, and these allegations are simply too vague and confusing to determine if Plaintiff has stated a claim.  *See Kruse v. Mass. Mutual Life Ins. Co.*, No. 17-cv-61115-BLOOM/Valle, 2017 WL 3494334, at *2 (S.D. Fla. Aug. 15, 2017) ("To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002))).

Plaintiff's reliance upon 18 U.S.C. § 241 is also unavailing, as this statute does not give rise to a private cause of action.  *See, e.g.*, *Zinnia Chen v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming the dismissal of claims pursuant to 18 U.S.C. §§ 4, 241-242, and 2382-2383 because "[c]riminal statutes generally do not provide a

private cause of action"); *Cohen v. Carmel*, No. 10–22244–CIV, 2010 WL 2991558, at *1 (S.D. Fla. July 27, 2010) ("Title 18, Sections 241 and 242 of the United States Code, are criminal statutes and do not give rise to a private cause of action."); *Weidman v. Blackstone Group*, No. 1:14-cv-3785, 2015 WL 1097385, at *4 n.3 (N.D. Ga. Mar. 11, 2015) ("Section 241 of Title 18 is a criminal statute and provides no private cause of action in a civil suit.").   *See also Andrew Corpus v. Depass*, No. 2:18-cv-665-FtM-29NPM, 2020 WL 4260980, at *2 (M.D. Fla. July 24, 2020) (holding that a § 1983 claim cannot be based on alleged violations of § 241).

Plaintiff also references 18 U.S.C. § 1961, the civil RICO statute.   However, other than reciting the definitions associated with that statute, Plaintiff does not explain how he could proceed with a private right of action under § 1961.   Doc. No. 1, at 7-8.   To state a claim under the RICO statutory scheme, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Longford v. Rite Aid of Alabama, Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000); *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1349 (M.D. Fla. 2019).   *See also Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1315 (S.D. Fla. 2009) (stating that there is a fifth element for a civil RICO claim: "(5) that caused injury to business or property."). Plaintiff's Complaint does not contain any of the necessary allegations to sufficiently allege a civil RICO claim – other than reciting the § 1961 definitions and vaguely referencing "acts of extortion," "illegal behavior," and a "repeated pattern"

of retaliation against nurses at Orlando Health.   Doc. No. 1, at 8.   These vague allegations are insufficient to allege a claim for relief under the RICO Act.[6]

Plaintiff's complaint suffers from one additional, overarching deficiency.   It fails to comply with federal pleading requirements, rendering repleader appropriate.   Specifically, Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief."   Claims must be alleged in a legible manner with numbered paragraphs, each limited to a single set of circumstances, stating in separate counts each claim for relief.   Fed. R. Civ. P. 10(b).   In addition, "[r]elevant facts should be segregated to each of their respective claims."   *Claiborne v. Comm'r of Soc. Sec.*, No. 6:13-cv-1383-Orl-18TBS, 2013 WL 5720325, at *2 (M.D. Fla. Oct. 21, 2013) (citing *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005)).   "Rules 8 and 10 'work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and

---

[6] Because at present Plaintiff has not sufficiently alleged a claim for relief under any federal statute, the undersigned finds that federal question subject matter jurisdiction is lacking.   *See* 28 U.S.C. § 1331.   And to the extent that Plaintiff attempts to assert diversity jurisdiction, *see* Doc. No. 1, at 1, he is unsuccessful because he expressly alleges that "all parties live and work in Orlando," and has made no other allegations to establish complete diversity of citizenship between the parties.   Doc. No. 1, at 5.   *See also* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).   Thus, in the event the Court grants Plaintiff leave to file an amended complaint, Plaintiff must also sufficiently allege a basis for subject matter jurisdiction.

whether the plaintiff has stated any claims upon which relief can be granted.'"
*Latimer v. U-Haul*, No. 8:21-cv-1892-KKM-AAS, 2021 WL 4556218, at *1 (M.D. Fla.
Sept. 13, 2021), *report and recommendation adopted*, 2021 WL 4553473 (M.D. Fla. Oct.
5, 2021) (alteration in original) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082
(11th Cir. 1996))).

　　　Here, Plaintiff's complaint does not satisfy the requirements of Rules 8 and
10.  Plaintiff's 9-page complaint, which is largely in narrative format and includes
an additional 294 pages of exhibits, does not constitute a "short and plain
statement" of Plaintiff's claims, nor, as described above, is it particularly clear from
Plaintiff's complaint the causes of action he is asserting.  Plaintiff's allegations are
not set forth in separately numbered paragraphs as required under Rule 10(b), the
claims are not separately identified with separate headers, and it is unclear exactly
which claims or acts are attributable to which Defendants.  *See, e.g., Guice v. Perez*,
No. 8:15-cv-2935-T-27TBM, 2016 WL 11578726, at *1 (M.D. Fla. Feb. 23, 2016)
(dismissing *pro se* complaint under § 1915 with leave to amend for failure to comply
with pleading requirements); *Claiborne*, 2013 WL 5720325, at *2-3 (same).  Indeed,
it would appear that Plaintiff's complaint, as written, constitutes an impermissible
shotgun pleading.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313,
1321-23 (11th Cir. 2015) (noting that shotgun pleadings can present as a complaint
"replete with conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action;" a claim that fails to separate "into a different count each cause of action or claim for relief;" and a complaint that contains "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against.").

As discussed above, the complaint includes numerous vague allegations about Plaintiff's medical treatment, complaints, and "no trespass" order, without specifics, and intersperses phrases such as "illegal activity," and "acts of extortion," and then appears to allege a pattern of retaliation against nurses.   Doc. No. 1. These allegations appear to form the basis for all of Plaintiff's claims in this case, rendering it a shotgun pleading.  *See id.*  Plaintiff's complaint is also a shotgun pleading because nowhere does Plaintiff specify which Defendants are responsible for which actions or omissions, and Plaintiff continues to reference Orlando Health, while not asserting any claims against that entity.   While Plaintiff alleges a violation of his First Amendment rights, and lists various statutes, his complaint "does not . . . draw any clear lines between the legal and factual bases for his claims, or set forth the elements of any of his claims."  *See Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (finding § 1983 complaint warranted dismissal).

For these reasons, the undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2).   The undersigned notes that Defendants

have moved to dismiss Plaintiff's complaint with prejudice and without leave to amend, arguing that Plaintiff has already been given leave to amend in the prior iteration of this dispute.   Doc. No. 24; *see also Orlando Health I.*   However, Plaintiff voluntarily dismissed his prior case before any Court considered the substance of his amended complaint – the substance of which is nearly identical to the allegations in the present case.   *Orlando Health I*, Doc. Nos. 32, 34.   Thus, this Report and Recommendation is the first time that Plaintiff's current allegations have been tested, and he has never been given leave to amend in this case.

Based on this procedural history, and given the shotgun nature of the complaint, Plaintiff's *pro se* status, as well as the possibility that Plaintiff will be able to correct the above-identified deficiencies through an amended pleading, the undersigned will recommend that dismissal of the complaint, with an opportunity to replead, is appropriate.   *See, e.g., Guice*, 2016 WL 11578726, at *1 (dismissing *pro se* complaint under § 1915 with leave to amend for failing to state a claim because it did not comply with Rules 8(a)(2) and 10(b)); *Bright v. Thomas*, No. 8:22-cv-24-CEH-JSS, 2022 WL 1237898, at *5-6 (M.D. Fla. Apr. 27, 2022) (dismissing *pro se* complaint with leave to amend as the complaint was, among other things, a shotgun pleading). *See also Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v.*

*Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc))).   The undersigned will also recommend that Defendants' motion to dismiss be denied as moot, as Defendants will be permitted to answer or otherwise respond to any amended pleading as set forth in the Federal Rules of Civil Procedure.

Should Plaintiff file an amended complaint, Plaintiff is cautioned that he must include factual allegations in the complaint stating a plausible claim for relief, which requires him to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678 (citation omitted).   Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.   Further, in an amended complaint, Plaintiff must allege in the body of the complaint how each named Defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each Defendant named and the injury he allegedly sustained.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation.   Plaintiff must allege specifically harm or injury by the actions and/or

omissions of the Defendant(s).   Finally, Plaintiff must also properly allege a basis for subject matter jurisdiction.

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

IV.    RECOMMENDATION

For the reasons stated herein, **I RESPECTFULLY RECOMMEND** that the Court:

1.    **DENY AS MOOT** Plaintiff's Amended Motion to Proceed *In Forma Pauperis* (Doc. No. 20);

2.    **DENY WITHOUT PREJUDICE** Plaintiff's Second Amended Motion to Proceed *In Forma Pauperis* (Doc. No. 21);

3.    **DISMISS** Plaintiff's Complaint without prejudice (Doc. No. 1);

4.    **PERMIT** Plaintiff to file an amended complaint within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*; and

5.    **DENY AS MOOT** Defendants' Amended Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. No. 24).

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 9, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy